# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-684V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JAMIE GUY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed:  April 3, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 5, 2020, Jamie Guy filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she received a tetanus, diphtheria, pertussis ("Tdap") vaccine on July 23, 2017, and that she suffered from encephalomyelitis/acute disseminated encephalomyelitis ("ADEM") that was caused in fact by the vaccine. Petition (ECF No. 1) at 1–2. Moreover, Petitioner alleges that she experienced residual effects of this injury for more than six months.

Respondent denies that the Tdap vaccine caused any of Petitioner's alleged injuries, or any other injury or Petitioner's current condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on April 3, 2024) that the issues before them

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $75,000.00 in the form of a check payable to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAMIE GUY,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>        Respondent. | No. 20-684V (ECF)<br>Chief Special Master Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jamie Guy, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus diphtheria acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a Tdap vaccine on July 23, 2017.

3. The vaccination was administered within the United States.

4. Petitioner alleges that petitioner suffered post-vaccinal encephalomyelitis and acute disseminated encephalomyelitis ("ADEM") as a result of the Tdap vaccine. Petitioner further alleges that petitioner experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of petitioner's alleged vaccine injury.

6. Respondent denies that the Tdap vaccine caused any of petitioner's alleged injuries or any other injury or petitioner's current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(l), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$75,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the Vaccine Program, 42 U.S.C. § 300aa-10 *et seq.*, on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on July 23, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about June 5, 2020 in the United States Court of Federal Claims as petition No. 20-684V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Service that the Tdap vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

*/s/ Jamie Guy*
JAMIE GUY

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| */s/* By: Timothy J. Mason w/ permission of S.C.C. | */s/ Heather L. Pearlman* |
| SYLVIA CHIN-CAPLAN | HEATHER L. PEARLMAN |
| Law Office of Sylvia Chin-Caplan | Deputy Director |
| 53 State Street, Suite 500 | Torts Branch |
| Boston, MA 02109 | Civil Division |
| Telephone: (617) 419-7162 | U.S. Department of Justice |
| Email: schin-caplan@scc-law.com | P.O. Box 146 |
| + tmason@scc-law.com | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| Jeffrey S. Beach -S (Digitally signed by Jeffrey S. Beach -S, Date: 2024.03.01 10:08:35 -05'00') for | */s/ Naseem Kourosh* |
| CDR GEORGE REED GRIMES, MD, MPH | NASEEM KOUROSH |
| Director, Division of Injury Compensation Programs | Trial Attorney |
| Health Systems Bureau | Torts Branch |
| Health Resources and Services Administration | Civil Division |
| U.S. Department of Health and Human Services | U.S. Department of Justice |
| 5600 Fishers Lane, 08W-25A | P.O. Box 146 |
| Rockville, MD 20857 | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| | Telephone: (202) 305-1159 |
| | Email: Naseem.Kourosh@usdoj.gov |

Dated: 4/3/2024

5