# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-684V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                           *
JAMIE GUY,                                 *   Chief Special Master Corcoran
                                           *
                 Petitioner,               *   Filed:  October 15, 2024
                                           *
       v.                                  *
                                           *
SECRETARY OF HEALTH                        *
AND HUMAN SERVICES,                        *
                                           *
                 Respondent.               *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 5, 2020, Jamie Guy filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from encephalomyelitis/acute disseminated encephalomyelitis that was caused-in-fact by a tetanus, diphtheria, pertussis vaccine received on July 23, 2017. Petition (ECF No. 1). The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Apr. 3, 2024 (ECF No. 72).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 3, 2024 (ECF No. 77) ("Mot."). This is Petitioner's sole such request. Petitioner requests a total of $178,277.70 in attorney's fees and costs ($142,406.50 in fees, plus $35,871.20 in costs)

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

for the work of the office of attorney Sylvia Chin-Caplan. Mot. at 2. Respondent reacted to the fees request on October 8, 2024. *See* Response, dated Oct. 8, 2024 (ECF No. 78) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$178,277.70**.

I.   **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Sylvia Chin-Caplan (Attorney)** | $414.00 | $429.00 | $445.00 | $445.00 | $458.00 | $495.00 | $540.00 | $563.00 |
| **Timothy J. Mason (Attorney)** | -- | $238.00 | $247.00 | $253.00 | -- | $275.00 | $300.00 | $318.00 |

2

| Nicole Caplan-Mason (Attorney) | -- | -- | -- | -- | -- | $220.00 | $240.00 | $275.00 |

Mot. at 4–39.

Ms. Chin-Caplan practices in Boston, Massachusetts—a jurisdiction that has been deemed "in forum," and thus entitling her to rates commensurate with what was established in *McCulloch*. *See Esala v. Sec'y of Health & Hum. Servs.*, No. 18-1333V, 2021 WL 5080045, at *3 (Fed. Cl. Spec. Mstr. Oct. 6, 2021). The rates requested (including newly-requested 2023 and 2024 rates) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule (and the amount of each requested increase is proportionally equivalent to prior year increases).[3] *Alicea v. Sec'y of Health & Hum. Servs.*, No. 18-1136V, 2023 WL 9099041, at *2 (Fed. Cl. Spec. Mstr. Nov. 16, 2023). I thus find no cause to reduce the rates requested in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates.

## II.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $35,871.20 in outstanding costs, including the filing fee, medical record retrieval costs, medical literature retrieval costs, mailing costs, and costs associated with a single expert, Carlo Tornatore, M.D. Mot. at 40–41. Dr. Tornatore prepared two written reports in this matter and submitted an invoice reflecting a total of a $33,750.00 (billing at an hourly rate of $500.00 for 67.5 hours of work) charged to the matter. *Id.* at 88–89. This rate is acceptable, and I deem the work performed on the case by Dr. Tornatore to have been reasonable in amount. I will therefore grant this category of costs in its entirety. All other litigation-related costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 15, 2024).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs. I award a total of **$178,277.70**, reflecting $142,406.50 in fees and $35,871.20 in costs, in the form of a check made jointly payable to Petitioner and her attorney, Sylvia Chin-Caplan.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.